# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ORBIT MOVERS & ERECTORS, INC.,

|  |  |  |
|---|---|---|
| Plaintiff, | : | Case No. 3:14-cv-118 |
|  |  |  |
|  |  | District Judge Thomas M. Rose |
| -  vs  - |  | Magistrate Judge Michael R. Merz |

ENVIRONMENTAL TECTONICS
  CORPORATION,

|  |  |
|---|---|
| Defendant. | : |

---

## CONFIDENTIALITY AND PROTECTIVE ORDER

---

Plaintiff/Counterclaim Defendant, Orbit Movers & Erectors, Inc. ("Orbit") and Defendant/Counterclaim Plaintiff, Environmental Tectonics Corporation ("ETC") (Orbit and ETC are each a "Party" and are collectively referred to as the "Parties), through their undersigned counsel, hereby stipulate and agree to the terms of this Confidentiality and Protective Order (the "Protective Order"), and the Court concurs that good cause exists for the entry of this Protective Order to protect the confidentiality of documents, materials, and information produced during the course of discovery in these proceedings (the "Lawsuit"), including confidential and proprietary business information the disclosure of which could harm the Parties' interests.  Upon consideration of the Parties' Joint Motion For A Protective Order (ECF No. 25), IT IS HEREBY ORDERED as follows:

1

1. This Protective Order shall apply to all information, documents, materials, and tangible things subject to discovery in the Lawsuit that are in the possession, custody, and/or control of the Parties and/or one or more non-parties, irrespective of whether such information, documents, materials, and/or tangible things are obtained through discovery, by subpoena, or by any other lawful means, that are believed to contain or embody trade secrets, proprietary, sensitive or other confidential business information of the Parties. By way of example, and not limitation, such trade secrets, proprietary, sensitive and/or confidential business information may include, or be included in, documents, e-mails, agreements, technical specifications, computer code, drawings, training materials, financial statements, budgets, analyses, reports, memoranda, abstracts, interrogatory responses, responses to requests for production of documents and things, responses to requests for admissions, responses to subpoenas, deposition testimony upon oral or written examination, data that is available electronically on computer systems, deposition exhibits, pleadings, briefs, motions, affidavits, and any other "writings and recordings," as defined in Rule 1001 of the Federal Rules of Evidence, produced by the Parties and/or submitted to the Court, and any instrument that comprises, embodies, or summarizes matter that any Party or non-party considers confidential and/or proprietary. This Protective Order also applies to any inadvertent production of documents, materials or information protected from disclosure by the attorney-client privilege, work product protection, or other applicable privilege.

2. A Party's agreement to observe the confidentiality of information and/or a document or class of documents pursuant to this Protective Order is not, and may not be used as, evidence in this or any other proceeding that the Party admits that such information and/or documents are, in fact, proprietary, sensitive or confidential, except for purposes of enforcing this Protective Order.

3.      Any Party or non-party, when disclosing or producing documents, materials or information, shall be known herein as the "Producing Party."  The Producing Party, through its counsel, may reasonably and in good faith designate documents, materials or information disclosed or produced as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in the manner hereinafter set forth.  Any Party, when receiving documents or information produced by the Producing Party, shall be known herein as the "Receiving Party."

4.      A Producing Party may designate as "PROTECTED CONFIDENTIAL MATERIAL" those documents, materials and information that the Producing Party in good faith reasonably believes contain or reflect confidential business information, including trade secrets and/or sensitive, commercial, financial or other business information.  The "PROTECTED CONFIDENTIAL MATERIAL" designation shall extend to the information so designated, the substance of the information so designated, and excerpts, studies, summaries, compilations and other similar documents compiled from such information.

5.      "PROTECTED CONFIDENTIAL MATERIAL" shall not include any information that, at the time of disclosure, is or was public knowledge (or in the public domain), or subsequently becomes public knowledge (or in the public domain) through no violation of this Protective Order.

6.      Unless prior written consent to further disclosure has been obtained from counsel for the Producing Party or permission for such disclosure has been given by the Court, "PROTECTED CONFIDENTIAL MATERIAL" shall not be disclosed or summarized by any Party or its counsel to any other person other than the following Permitted Recipients:

(a) The officers and employees of the Parties (including in-house counsel) who are responsible for, or directly involved in, the prosecution or defense of this Lawsuit;

(b) Outside counsel of record for any Party and their partners, associates, paralegals, clerical, and support staff who are specifically assigned to assist outside counsel of record in the prosecution or defense of this Lawsuit, including but not limited to any support staff, document reviewers, or other professional legal staff retained to assist with the Lawsuit;

(c) Any witness at a deposition, hearing or trial in this Lawsuit;

(d) Consultants, experts, or employees thereof who are employed or retained, or otherwise consulted by any Party, or their respective counsel in connection with this Lawsuit, but only to the extent necessary for such persons to perform their role as experts or consultants;

(e) Any representative of any insurer for any Party who is involved in managing or overseeing the handling of this Lawsuit;

(f) Any mediator hired or utilized by the Parties in connection with a private or court-sponsored mediation, and the mediator's employees and clerical staff;

(g) Any court that has jurisdiction over this Lawsuit and its employees ("Court Personnel");

(h) Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit;

(i) The jury; and

(j) Those other persons to whom the Parties agree in writing that "PROTECTED CONFIDENTIAL MATERIAL" may be disclosed.

(k) The persons described in Paragraphs 4(c),(d), (e), and (j) shall have access to "PROTECTED CONFIDENTIAL MATERIAL" only after they have been made aware of the

terms of this Protective Order and have manifested their assent in writing to be bound thereby, by executing the Confidentiality Agreement ("Annex 1"). Further, persons receiving "PROTECTED CONFIDENTIAL MATERIAL" are enjoined from disclosing it to any other person, except in conformity with this Protective Order.

7.     The Parties acknowledge that there may be documents, materials and information produced for which a higher level of protection is required; such documents, materials and information may be designated by the Producing Party as "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" provided that counsel for the Producing Party reasonably believes in good faith that such documents, materials or information contain or reflect highly sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties and that the Producing Party would not normally reveal to third parties. The "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" designation may include, but is not limited to, financial information, customer lists, personnel information, product plans and technical information pertaining to products or their operation, design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, and similar information provided that the information meets the foregoing requirements. The "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" designation shall extend to the information so designated, the substance of the information so designated, and excerpts, studies, summaries, compilations and other similar documents compiled from such information.

8. Unless prior written consent to further disclosure has been obtained from counsel for the Producing Party or permission for such disclosure has been given by the Court, documents, materials or information designated "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall not be disclosed or summarized by any Party or its counsel to any other person other than the following Permitted Recipients:

(a) Court Personnel;

(b) Any witness at a deposition, hearing or trial in this Lawsuit, provided that such witness does not remove or retain the information designated "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY".

(c) The Parties' outside and in-house counsel working on this Lawsuit, including necessary legal assistants and stenographic personnel actually assisting such counsel, including but not limited to any support staff, document reviewers, or other professional legal staff retained to assist with the Lawsuit;;

(d) Outside vendors engaged by such counsel to copy, scan, code documents, or to record deposition testimony; and

(e) Experts and consultants retained by any Party for the purpose of testifying, consulting or assisting in the preparation of this case for trial.

9. The persons described in Paragraphs 6(b), (c). (d) and (e) shall have access to "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material only after they have been made aware of the terms of this Protective Order and have manifested their assent in writing to be bound thereby, by executing the Confidentiality Agreement ("Annex 1").

10. The recipient of any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material

agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.  The Parties to this Protective Order agree, and agree to inform each person to whom they disclose or give access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material, that damages for violation of the Protective Order are not an adequate remedy and the appropriate remedy is injunctive relief.  In the event that any Party is awarded injunctive relief, the person or persons found to have violated this Protective Order shall reimburse the injured Party for the costs, reasonable attorneys' fees and any other expenses incurred in obtaining such relief.

11.     All or any part of a document disclosed or produced herein may be designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" by the Producing Party by marking the document with a legend designating the document as "PROTECTED CONFIDENTIAL MATERIAL: SUBJECT TO PROTECTIVE ORDER" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY: SUBJECT TO PROTECTIVE ORDER," respectively, or their substantial equivalents, on the face of the document and on each additional page of the document, if any.

12.     Any Party may designate deposition testimony or exhibits marked at depositions as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" by advising the court reporter and the other Party of such fact during the deposition or within fourteen (14) days after receipt of the deposition transcript.  In addition, the portion of any deposition in which documents designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL

MATERIAL – ATTORNEYS' EYES ONLY"  are marked as exhibits or shown to the deponent/witness or otherwise referenced shall be considered confidential and subject to the provisions of this Protective Order.  The portion of any deposition transcript that contains "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall be bound separately with a cover bearing the legend "CONTAINS CONFIDENTIAL INFORMATION," as applicable, and such transcript portions shall not be shown to any person except Permitted Recipients as expressly authorized in this Protective Order.   The restrictions of this paragraph also apply to any condensed transcript, electronic transcript, computer discs, videotaped depositions, videocassettes, or other media.

13.     In the event that any Party wishes to submit to the Court any documents, materials or information designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" under this Protective Order, such Party shall move the Court to grant leave to file such material under seal, as well as follow those procedures identified in S.D. Ohio Civ. R. 79.3. Per authority of *Procter &Gamble Co.v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal.  This Protective Order does not authorize filing under seal. Upon the appropriate order of the Court, all documents that are to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this Lawsuit, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or substantially similar language, and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case
> by _____ ("the producing party") is not to be opened and the

contents are not to be displayed or revealed except by prior order of this Court in accordance with Southern District of Ohio Local Civil Rule 79.3.

14.    Documents, materials and information designated as "PROTECTED CONFIDENTIAL MATERIAL"  OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall be used solely in connection with the preparation for, and trial of, this Lawsuit and any appeal therein, and shall not be disclosed to any person except in accordance with the provisions of this Protective Order.

15.    A Producing Party that is not a party to this Lawsuit shall be entitled to the protections afforded herein upon signing a copy of the Protective Order and serving the same on all counsel of record.

16.    In the event additional parties join or are joined in this Lawsuit, they shall not have access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material until the newly joined party or its counsel has executed and, at the request of any Party, submitted to the Court its agreement to be fully bound by the Protective Order.

17.    Each Party, its counsel, or any individual subject to this Protective Order who obtains "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material shall take all necessary and appropriate measures to maintain the confidentiality of the documents, materials or information, shall share such documents, materials or information only with Permitted Recipients, as applicable, pursuant to this Protective Order, and shall retain the documents, materials or information in a secure manner.  Except as provided in Paragraphs 6 and 8 above, no other person shall be permitted access to the documents, materials, or information.  Before any Party's counsel shall deliver,

exhibit, publish, or disclose any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to any person qualified to receive it, the Party's counsel shall advise the person receiving the "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material that the information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than as provided by this Protective Order.

18.     Any person who obtains access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the documents, materials or information only for the purposes of this Lawsuit and for no other purpose.  All such copies, duplicates, extracts, summaries, or descriptions shall be subject to the terms of this Protective Order to the same extent and manner as original documents, materials or information.

19.     Each Party will maintain the original and any copies of the Annex 1 signed by each person to whom access is given with respect to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."  Each Party may request, in good faith, that the other Party make one or more Annex 1(s) available for inspection, and the Party to whom the request is made shall consider the request in good faith and either agree to produce the requested Annex 1(s) or object to producing the requested Annex 1(s) within five (5) business days of receipt of the request.  If the Party to whom the request is made objects to producing any requested Annex 1(s), then the requesting Party may request that the Court compel the production.  However, a Party may not request

disclosure, and a Party shall not be required to disclose to another Party, an Annex 1 signed by a consulting expert witness until after the case is concluded and only then to the extent that the requesting Party seeks the identity of such consulting expert witness to enforce this Agreement.

20.     Any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material may be used by any Party at any hearing or trial of this case subject to the rules of evidence and the requirements of this Protective Order, or such other Order as the Court may enter.  Prior to introducing into evidence or otherwise disclosing at trial or hearing, or in motions, briefs, pleadings or other papers filed with the Court, any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" materials, the Parties shall agree on a procedure to maintain confidentiality and such procedure shall be submitted to the Court for its approval.

21.     Each Party or non-party shall exercise good faith in designating material as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."  If any Party disagrees with the Producing Party's designation of certain documents, the receiving Party shall request in writing that the Producing Party redesignate such documents.  The Producing Party shall then either affirm the designation or redesignate the document within ten (10) business days after receipt of the request to redesignate.  Thereafter, the receiving Party may seek relief from the Court as appropriate. The Producing Party has the burden of demonstrating that the document (or class of documents) is entitled to its designated status.  Unless and until this Court enters an Order to the contrary, the documents, materials or information shall be treated as "PROTECTED CONFIDENTIAL

MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."

22.     This Protective Order does not preclude any Party from moving to have any other documents, materials or information designated as protected in accordance with the rules of this Court.  Any such additional documents, materials or information designated as protected may be treated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

23.     Any unauthorized disclosure of documents, materials or information designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall not result in a waiver of the Producing Party's claim of confidentiality with respect to such documents, materials or information.

24.     Any designation that is inadvertently omitted at the time of production by the Producing Party shall not constitute a waiver and may be corrected by written notification by the Producing Party to counsel for the receiving Party accompanied by substitute material with the appropriate designation.  The receiving Party shall have ten (10) business days from the receipt of such notice of redesignation to object to the redesignation in writing.  Upon such an objection being timely made, the Producing Party may seek relief from the Court as appropriate.  The Producing Party has the burden of demonstrating the designated status.  Until such a ruling is made by this Court, the receiving Party shall treat such redesignated material in the same manner as if the Producing Party had designated such material at the time of its first production to the receiving Party.  Regardless, no Party shall be deemed to have violated this Order, if, prior to notification of any later redesignation, the receiving Party disclosed or used such material or

12

information in a manner inconsistent with the later designation. In the event that the Court rules that such material or information shall be redesignated in the manner requested by the Producing Party, the receiving Party shall take all appropriate steps to secure the return or destruction of any such material or information from all persons to whom the receiving Party previously disclosed such material or information and shall disclose to the Producing Party the name and address of each person to whom the receiving Party disclosed such material or information.

25.     In the event that any Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, regardless of whether the information was so designated at the time of disclosure, such inadvertent production shall not constitute any waiver or forfeiture of the applicable privilege or immunity and all copies of such inadvertently produced documents shall promptly be destroyed or returned to the requesting Party within five (5) business days of receipt of any demand by the Producing Party.

26.     Except as provided below, all documents designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall be returned to the Producing Party upon the conclusion of this action (or, with written permission by the Producing Party, destroyed). The "conclusion" of this action means, as to the Parties, sixty (60) days following the completion of this Lawsuit, whether by the entry of judgment and the exhaustion of (or expiration of time for) appeal rights or as may be determined by the Court. On the conclusion of this action, the Parties shall agree on a procedure to facilitate the return or destruction of "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material. Counsel for the

Parties required to return or destroy said documents, materials or information to the Producing Party shall provide a certification in writing to the Producing Party stating that, except as provided below, said counsel has made all reasonable efforts to retrieve any documents, materials or information subject to this Protective Order and that all such documents, materials or information have been returned or destroyed, or if not, providing a description of the circumstances relating to any documents, materials or information not returned or destroyed. The Clerk of the Court shall maintain under seal all documents filed under seal until the Court orders otherwise.

If "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" is stored or otherwise maintained electronically by the Receiving Party or its counsel, including but not limited to on an email system or server, an internal document storage program, computer or external hard drive, disk, cloud storage, or other electronic media, the Receiving Party shall take all reasonable steps to delete said "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" to the fullest extent technologically possible and, in any event, render such material inaccessible by their representatives, attorneys and staff involved in the Lawsuit. Further, as to any electronic versions of "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" existing on backup storage media (including but not limited to backup "tapes" and archived email programs), the Parties agree that such electronic copies shall be subject to and deleted pursuant to such Receiving Party's and counsel's routine data backup and retention policies, and that the actual permanent deletion of such "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED

CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" may occur as such backup media is overwritten or otherwise as part of document deletion procedures in the normal course of business.  The Receiving Party shall not in any event make any attempt to retrieve, restore, review, disseminate, or use any "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" stored on any such backup storage media for any purpose after the conclusion of the Lawsuit, and must promptly take steps to delete or sequester such information if a backup containing such data is ever retrieved or restored for any purpose.

This Paragraph 26 shall not require the Receiving Party or its counsel to destroy or return documents or information containing, attaching, or constituting work product, nor shall this paragraph require the destruction of documents filed with the Court or other tribunal for or in this Lawsuit, including but not limited to hearing or argument transcripts, deposition transcripts, trial transcripts, trial exhibits, discovery requests and written responses, stipulations, or correspondence between counsel for the Parties any or all of which contain "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY," provided, however, that the Receiving Party or its counsel who retains such documents or information shall maintain them consistent with the provisions of Paragraphs 6 and 8 above.

27.    A Party who retains any of another Party's "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" materials (as permitted by Paragraph 26 of this Protective Order) may not disseminate that "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to any third party without prior written

consent of the Producing Party, except to the extent permitted by and subject to the provisions of Paragraphs 6 and 8 of this Protective Order.

28.     To the extent that a Party disseminated any other Party's "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to a third party (as permitted under Paragraphs 6, 8, or 27 of this Protective Order), the Party that disseminated such information to the third party is responsible for ensuring that the third party has destroyed or returned such "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material in accordance with Paragraph 26 of this Protective Order.

29.     This Protective Order shall survive the termination of this Lawsuit and continue in full force and effect.

30.     This Protective Order shall in no way restrict the Parties in their use of their own documents, materials and information, irrespective of whether such document or information has been designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."

31.     If any court, administrative agency, legislative body, or other governmental entity requests or subpoenas or orders the production of any material designated under this Protective Order that a Party, its counsel, or any other person has obtained in connection with this Lawsuit, such person shall immediately notify the Producing Party in writing of such request, subpoena, or order by delivering by hand, electronic mail or by facsimile a copy of such request, subpoena, or order, and will exercise reasonable good faith efforts not to make such documents or information available until at least twenty (20) days after the Producing Party has been notified.

32.     This Protective Order shall be in effect upon execution by counsel for the Parties. The Parties agree to be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

33.     This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

September 30, 2015

s/ *Michael R. Merz*
United States Magistrate Judge

17

The undersigned, on behalf of their client, hereby consents to the form and entry of the foregoing Order.

/s/ Terry W. Posey, Jr.               

Daniel F. Edwards (0060017)

THOMPSON HINE LLP

41 South High Street, Suite 1700

Columbus, OH 43215

(614) 469-3200

(614) 469-3361 (facsimile)

dan.edwards@thompsonhine.com

Terry W. Posey, Jr. (0078292)

THOMPSON HINE LLP

10050 Innovation Drive, Suite 400

Miamisburg, OH 45342

(937) 443-6857

(937) 443-6635 (facsimile)

terry.posey@thompsonhine.com

Ronald P. Keller (0016176)

COX, KELLER & LUSARDI

85 W. Main Street

Xenia, OH 45385

(937) 372-6921

(937) 372-8875 (facsimile)

cox_keller@yahoo.com

Attorneys for Plaintiff/Counterclaim Defendant
Orbit Movers & Erectors, Inc.

Dated: September 22, 2015

/s/ Erin E. Rhinehart              

Erin E. Rhinehart (0078298)

FARUKI IRELAND & COX, P.L.L.

500 Courthouse Plaza, S.W.

Dayton, OH 45402

(937) 227-3714

(937) 227-3717 (facsimile)

erhinehart@ficlaw.com

David H. Colvin (admitted *pro hac vice*)

FOX ROTHSCHILD LLP

2000 Market Street, 20th Floor

Philadelphia, PA 19103

(215) 299-2139

(215) 299-2150 (facsimile)

dcolvin@foxrothschild.com

Attorneys for Defendant/Counterclaim
Plaintiff Environmental Tectonics Corporation

Dated: September 22, 2015

**ANNEX 1**
**Protective Order Confidentiality Agreement**

The undersigned hereby acknowledges that he/she has read the foregoing Confidentiality

and Protective Order ("Protective Order") entered in the case presently pending in the United

States District Court for the Southern District of Ohio entitled *Orbit Movers & Erectors, Inc. v.*

*Environmental Tectonics Corporation.*, No. 3:14-cv-118 (S.D. Ohio), understands the terms

thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The

undersigned understands that disclosure of information which has been designated as

"PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL

MATERIAL – ATTORNEYS' EYES ONLY" by the party producing that information may

cause substantial harm to the producing party's business. Accordingly, among other

responsibilities, the undersigned shall only share such "PROTECTED CONFIDENTIAL

MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES

ONLY" with persons specifically authorized to receive the "PROTECTED CONFIDENTIAL

MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES

ONLY" pursuant to the Protective Order, shall retain the "PROTECTED CONFIDENTIAL

MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES

ONLY" in a secure manner, and shall use such "PROTECTED CONFIDENTIAL MATERIAL"

or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" only for the

purposes authorized by the Protective Order. The undersigned understands that the pledge of

confidentiality under this Agreement continues after this lawsuit is over. The undersigned

further understands his/her obligation after the lawsuit is over to return to counsel of record (or,

with written permission by the producing party, destroy) any such information or documents

designated as confidential, and submits to the jurisdiction of this Court in conjunction with

his/her compliance or non-compliance with the Protective Order.

Dated: _____        Signed: _____

 

                                                                  _____

                                                                  [Print Name]

                                                                  _____

                                                                  _____

                                                                  Address

20